1  JACKSON LEWIS P.C.
   JAMES T. JONES (SBN 167967)
2  DOUGLAS M. EGBERT (SBN 265062)
   400 Capitol Mall, Suite 1600
3  Sacramento, California 95814
   Telephone:  (916) 341-0404
4  Facsimile:  (916) 341-0141
   Email: *james.jones@jacksonlewis.com*
5          *douglas.egbert@jacksonlewis.com*

6  Attorneys for Defendant
   SEE'S CANDIES, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 JEANIE MAIER,                           | CASE NO.

12           Plaintiff,                     | **DEFENDANT SEE'S CANDIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

13    v.

14 SEE'S CANDIES, INC.; and DOES 1-100,    | **28 U.S.C. §§ 1331, 1441(a), and 1446 FEDERAL QUESTION JURISDICTION**
   inclusive,
15

16           Defendants.                    | Complaint Filed:   April 12, 2019
                                            | Trial Date:        None Set
17

18

19        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20 EASTERN DISTRICT OF CALIFORNIA:

21        PLEASE TAKE NOTICE that SEE'S CANDIES, INC. ("Defendant"), hereby removes this

22 action from the Superior Court in the State of California for the County of Sacramento to the United

23 States District Court for the Eastern District of California, Sacramento Division.  This Court has

24 original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court

25 pursuant to 28 U.S.C. § 1441(a) in that it is a civil action involving a federal question.  Removal is

26 made pursuant to 28 U.S.C. § 1446, and on the following grounds:

27 ///

28 ///

                                            1

**SERVICE AND PLEADINGS FILED IN STATE COURT**

1.      On or about April 12, 2019, Plaintiff JEANIE MAIER ("Plaintiff") filed an action in the Superior Court of the State of California, in and for the County of Sacramento, entitled <u>Jeanie Maier v. See's Candies, Inc., and DOES 1 – 100, inclusive</u>, designated as case number 34-2019-00254339-CU-OE-GDS ("Complaint").  A true and correct copy of the Complaint is attached hereto as **EXHIBIT A** and is incorporated herein by reference.

2.      Plaintiff's Complaint purports to allege the following four causes of action against Defendant:  (1) Employment Discrimination (Disability) [Cal. Gov. Code § 12940(a)]; (2) Failure to Accommodate Disability [Cal. Gov. Code § 12940(m)], (3) Failure to Engage in the Interactive Process [Cal. Gov. Code § 12940(n)]; and (4) Disability Discrimination [42 U.S.C. § 12101, et seq.].

3.      On May 6, 2019, Plaintiff personally served Defendant's agent for service of process in California with the Complaint.

4.      On May 30, 2019, Defendant timely filed its Answer to the Complaint ("Answer") with the Sacramento County Superior Court, making a general denial as permitted by California Code of Civil Procedure § 431.30(d), and asserting various affirmative defenses.  A true and correct copy of the Answer is attached as **EXHIBIT B** and incorporated herein by reference.

5.      Attached hereto as **EXHIBIT C** are true and correct copies of all other pleadings and documents currently on file with the State Court in the action.

6.      Defendant is informed and believes that the aforementioned exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

**TIMELINESS OF REMOVAL**

7.      Defendant filed and served this Notice of Removal on or about May 31, 2019, which was within thirty (30) days after Defendant was served with a copy of the Complaint and within one (1) year after the state court action was filed.  <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means).  Thus, this Notice of Removal was filed within the time period provided by 28 U.S.C. § 1446.

1    **NOTICE TO ALL PARTIES AND STATE COURT**

2         8.      In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy

3    of this Notice of Removal and all supporting papers promptly will be served on all parties and filed

4    with the Clerk of Sacramento County Superior Court.  As a result, all procedural requirements

5    under 28 U.S.C. § 1446 are satisfied.

6                                **FEDERAL QUESTION**

7         9.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331.

8    Pursuant to 28 U.S.C. § 1441(a), Defendant may remove this action to this Court because the action

9    involves alleged violations of the laws of the United States.  Specifically, Plaintiff alleges that

10   Defendant discriminated against her because of her disability, and failed to engage in an interactive

11   process to determine how to accommodate her condition, all in violation of the Americans with

12   Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12101, et seq.).  (EXHIBIT A, Complaint, Fourth

13   Cause of Action, 5:12-28.)

14        10.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the

15   remaining claims and issues alleged in the Complaint because the claims are so related to Plaintiff's

16   ADA claims that they form part of the same case and/or controversy.  Specifically, Plaintiff's ADA

17   claims and state law claims all arise from the same facts that concern Plaintiff's employment with

18   Defendant and the events surrounding her purported disability, including whether an interactive

19   process occurred, whether Defendant was obligated to provide Plaintiff with a reasonable

20   accommodation, and if so, whether such an accommodation was provided.  Each of Plaintiff's

21   claims would ordinarily be expected to be tried in a single judicial proceeding.

22                                **VENUE IS PROPER**

23        11.     Venue lies in the United States District Court for the Eastern District of California

24   pursuant to 28 U.S.C. §§ 1391(b), 1441(a) and 1446(a) because the State Court action was filed in

25   this District, this is the District where the State Court is pending, and this is the District where the

26   events or omissions giving rise to Plaintiff's claims occurred.

27   ///

28   ///

3

DEFENDANT SEE'S CANDIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

1

**CONSENT TO REMOVAL**

2       12.    Defendant is unaware of any other defendants having been named or served with

3 the Complaint in this action. Thus, in accordance with 28 U.S.C. § 1446(b), all named defendants

4 in this action consent to removal.

5                                   \*\*\*\*\*

6       WHEREFORE, Defendant prays that the above action now pending against it in the

7 Superior Court of the State of California, County of Sacramento, be removed to this Court.

8 Dated: May 31, 2019                 JACKSON LEWIS P.C.

9

10                         By: /s/ Douglas M. Egbert

11                           JAMES T. JONES
                          DOUGLAS M. EGBERT

12                         Attorneys for Defendant
                        SEE'S CANDIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SEE'S CANDIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

1 | Matthew R. Eason (SBN 160148)
Kyle K. Tambornini (SBN 160538)
2 | Erin M. Scharg (SBN 285311)
EASON & TAMBORNINI, ALC
3 | 1234 H Street, Suite 200
Sacramento, CA 95814
4 | Telephone: (916) 438-1819
Facsimile: (916) 438-1820
5 |
Attorneys for Plaintiff
6 | Jeanie Maier

```
FILED/ENDORSED

APR 1 2 2019

By: ___ L. Kennedy
        Deputy Clerk
```

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SACRAMENTO

10

11 | JEANIE MAIER,

12 | Plaintiff,

13 | v.

14 | SEE'S CANDIES, INC. and DOES 1-100, inclusive,

15 |

16 | Defendants.

17

18

19

Case No. 34-2019-00254339

**COMPLAINT FOR DAMAGES**

(1) Employment Discrimination (Disability) [Cal. Gov. Code § 12940(a)]
(2) Failure to Accommodate Disability [Cal. Gov. Code § 12940(m)]
(3) Failure to Engage in the Interactive Process [Cal. Gov. Code § 12940(n)]
(4) Disability Discrimination [42 U.S.C. § 12101, et seq.]

**DEMAND FOR JURY TRIAL**

20

21 | Plaintiff Jeanie Maier ("Maier" or "Plaintiff") complains and alleges as follows:

22 | **INTRODUCTION**

23 | 1. This action seeks remedies for the unlawful discrimination that Maier experienced as a

24 | Lead Clerk on the management team for See's Candies, Inc. ("See's").

25 | 2. This is an action for damages due to (1) Discrimination on the Basis of Disability; (2)

26 | Failure to Accommodate Disability; (3) Failure to Engage in the Interactive Process; (4) Violation of

27 |

28 | Americans with Disabilities Act.

Case No.

**JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper in this Court because all of the claims alleged here arose in Sacramento County, and all of the defendants were and/or are residents of Sacramento County or are doing business in Sacramento County.

4. The amount in controversy is within the jurisdiction of this Court.

**PARTIES**

5. Plaintiff Maier is, and at all relevant times, was an individual with a physical disability and medical condition. Maier is an individual and is a resident of the State of California, County of Sacramento.  See's employed Maier in Sacramento County, California, for starting in October of 2007 to present:. At all times during his employment Maier was fully qualified for his position and was performing her job duties well. See's subjected Maier to discrimination on the basis of his physical disability and medical condition.

6. See's is, upon information and belief, a corporation existing and operating in the State of California, County of Sacramento.

7. The true names and capacities, whether individual, corporate, associate, and the true involvement of Defendants sued here as Does 1 thorough 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by fictitious names and will amend this Complaint to show the true names, capacities, and involvement when ascertained. Plaintiff is informed and believes and alleges that each of the Defendants designated as a Does is responsible in some manner for the events and happenings referred to here, and that Plaintiff's injuries and damages were in part caused by these Defendants.

//

//

//

Case No. _____        2
COMPLAINT FOR DAMAGES

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2    8. On or about March 27, 2019, Plaintiff filed a timely charge of discrimination against

3    See's with the California Department of Fair Employment and Housing ("DFEH"), a copy of which is

4    attached hereto an incorporated herein.

5
     9. On or about March 27, 2019, the DFEH issued Plaintiff a notice of right-to-sue in
6
     connection with this charge.
7

8    11.  Plaintiff has exhausted the administrative remedies available to her.

9
## FIRST CAUSE OF ACTION
### Employment Discrimination (Disability)
10
### Violation of Cal. Gov. Code§ 12940(a)

11    28. Plaintiff re-alleges and incorporates by reference all previous allegations.

12
     29. During the course of his employment with See's, Plaintiff suffered from a serious
13
     physical disability and medical condition that requires ongoing treatment and limits major life
14
     activities.
15

16    30. See's knew that Plaintiff had a physical disability and medical condition.

17    31. Plaintiff is able to perform the essential job duties with reasonable accommodation for her

18    physical disability and medical condition.

19    32. See's has failed to accommodate Plaintiff's condition and failed to engage in an interactive

20    process to determine how to accommodate her condition.
21

22    33.  As a result of Defendants' conduct, Plaintiff has suffered damages, including economic

23    losses and emotional distress, in an amount to be determined at trial.

24    35. See's's actions were willful, malicious, fraudulent, and oppressive, and were

25    committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's

26    rights.

27    //

28

Case No.                           3

## SECOND CAUSE OF ACTION
### Failure to Accommodate
### Violation of Cal. Gov. Code § 12940(m)

36. Plaintiff re-alleges and incorporates by reference all previous allegations.

37. During the course of her employment with See's, Plaintiff suffered from a serious physical disability and medical condition that requires ongoing treatment and limits major life activities.

38. See's knew that Plaintiff had a physical disability and medical condition.

39. Plaintiff was able to perform the essential job duties with reasonable accommodation for his physical disability and medical condition. At all times during his employment, Plaintiff was otherwise qualified to do her job.

40. See's failed to reasonably accommodate Plaintiff.

41. As a result of See's's conduct, Plaintiff has suffered damages, including economic losses and emotional distress, in an amount to be determined at trial.

42. See's's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

## THIRD CAUSE OF ACTION
### Failure to Engage in the Interactive Process
### Violation of Cal. Gov. Code § 12940(n)

43. Plaintiff re-alleges and incorporates by reference all previous allegations.

44. During the course of her employment with See's, Plaintiff suffered from a serious physical disability and medical condition that requires ongoing treatment and limits major life activities.

45. See's knew that Plaintiff had a physical disability and medical condition.

46. Plaintiff was able to perform the essential job duties with reasonable accommodation

Case No.                              4
COMPLAINT FOR DAMAGES

1  for her physical disability and medical condition.

2      47. Plaintiff attempted to obtain reasonable accommodations. Plaintiff was willing to participate

3  in the interactive process to determine reasonable accommodation.

4      48. See's failed to engage in a timely good-faith interactive process with Plaintiff to

5
6  determine an effective reasonable accommodation.

7      49. As a result of See's's conduct, Plaintiff has suffered damages, including economic

8  losses and emotional distress, in an amount to be determined at trial.

9      50. See's's actions were willful, malicious, fraudulent, and oppressive, and were

10 committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's

11 rights.

12
                          **FOURTH CAUSE OF ACTION**
13                            **Disability Discrimination**
                        **Violation of 42 U.S.C § 12101, *et seq.***
14

15     51. Plaintiff re-alleges and incorporates by reference all previous allegations.

16     52. Plaintiff has a physical impairment that substantially limits one or more of her major

17     53. Plaintiff was able to safely perform the essential job duties with reasonable

18 accommodation for her physical disability and medical condition. At all times during his employment,

19 Plaintiff was otherwise qualified to do her job. See's denied Plaintiff such accommodation,

20
21     54. See's did not address or grant Maier's requests for accommodation. Despite See's's

22 knowledge of Maier's physical impairment, See's failed to engage in an interactive process to

23 determine how to accommodate his condition.

24     56. As a result of Defendants' conduct, Plaintiff has suffered damages, including economic

25 losses and emotional distress, in an amount to be determined at trial.

26     57. See's's actions were willful, malicious, fraudulent, and oppressive, and were

27 committed with the wrongful intent to injure the Plaintiff and in conscious disregard of Plaintiff's rights.

28

Case No.                               5
                    COMPLAINT FOR DAMAGES

## JURY DEMAND

67. Plaintiff Jeanie Maier demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages according to proof on each cause of action for which such damages are available;

2. For special damages, according to proof on each cause of action for which such damages are available;

3. For compensatory damages, according to proof on each cause of action for which such damages are available;

4. For punitive damages, according to proof on each cause of action for which such damages are available;

5. For prejudgment and post-judgment interest according to law;

6. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

7. For costs of suit incurred in this action; and

8. For such other and further relief as the Court deems proper and just.

Dated:                                                       **EASON & TAMBORNINI, ALC**

By: _____
Matthew R. Eason, Esq.
Erin M. Scharg, Esq.
Attorneys for Plaintiff

Case No.                                            6
COMPLAINT FOR DAMAGES

Exhibit "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                           GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                           KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 27, 2019

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 201903-05604828
       Right to Sue: Maier / See's Candy Incorporated

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

1

COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

2

3

4

In the Matter of the Complaint of

5

Jeanie Maier                                           DFEH No. 201903-05604828

6

Complainant,

7

vs.

8

See's Candy Incorporated
210 El Camino Real

9

South San Francisco, California 94080-5998

10

Respondents

11

_____

12

1. Respondent **See's Candy Incorporated** is an employer subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

13

14

2. Complainant **Jeanie Maier**, resides in the City of **Citrus Heights** State of
**California.**

15

16

3. Complainant alleges that on or about **December 26, 2018**, respondent took the
following adverse actions:

17

18

**Complainant was harassed** because of complainant's disability (physical or
mental).

19

**Complainant was discriminated against** because of complainant's family care or
medical leave (cfra) (employers of 50 or more people), disability (physical or mental)

20

and as a result of the discrimination was reprimanded, denied a work environment
free of discrimination and/or retaliation, denied reasonable accommodation for a

21

disability, denied work opportunities or assignments.

22

**Complainant experienced retaliation** because complainant reported or resisted

23

any form of discrimination or harassment, requested or used a disability-related
accommodation and as a result was reprimanded, denied a work environment free

24

of discrimination and/or retaliation, denied reasonable accommodation for a

25

disability.

26

27

-1-

28

Date Filed: March 27, 2019

1

2

3

4

**Additional Complaint Details:** Requested reasonable accommodation to the District Manager in April of 2011 for training on a new computer system. I suffer from ADHD as well as tracking and transposition with dyslexia and formatting issues which were originally diagnosed when I was 12 years old. I have medical and testing records to substantiate my disabilities.

5

6

I made my second request for reasonable accommodation to the Regional Manager in April of 2017. I was told that she would address this issue with the District Manager. No one got back to me.

7

8

I made my third request for reasonable accommodation to the District Manager in October of 2018. Nothing was done.

9

10

I reinjured my lower back, left elbow, right shoulder and my right knee on 12/26/2018. My original injury to 2013 I was on worker's comp from February to August and 2017 off work (sick pay).

11

12

13

14

15

16

I have been out of work since 12/26/2018. I was told to report back to work by the District Manager on January 18, 2019, but received a call from the HR department on 1/18/2019 stating that I could not return to work because of the neck injury that my District Manager allowed me to work for 15 months without reasonable accommodation. I am currently in a worker's compensation lawsuit with See's Candy Incorporated because they will not let me come back to work even though the doctor released me to go back. My attorney in this matter is Jennifer Eason, Eason and Tambornini, 1234 H Street, Sacramento, CA 95814 (916) 438-1819.

17

18

19

20

21

22

23

24

25

26

27

-2-
*Complaint -- DFEH No. 201903-05604828*

28

Date Filed: March 27, 2019

1  VERIFICATION

2  I, **Jeanie S Maier**, am the **Complainant** in the above-entitled complaint.  I have read

3  the foregoing complaint and know the contents thereof.  The same is true of my own
   knowledge, except as to those matters which are therein alleged on information and

4  belief, and as to those matters, I believe it to be true.

5  On March 27, 2019, I declare under penalty of perjury under the laws of the State of

6  California that the foregoing is true and correct.

7                                                                                 **Citrus Heights, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                   -3-
                                          Complaint – DFEH No. 201903-05604828

28  Date Filed: March 27, 2019

Exhibit "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

March 27, 2019

Jeanie Maier
8265 Summerplace Drive
Citrus Heights, California 95621

RE:   Notice of Case Closure and Right to Sue
       DFEH Matter Number: 201903-05604828
       Right to Sue: Maier / See's Candy Incorporated

Dear Jeanie Maier,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 27, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# EXHIBIT B

1  JACKSON LEWIS P.C.
   JAMES T. JONES (SBN 167967)
2  DOUGLAS M. EGBERT (SBN 265062)
   400 Capitol Mall, Suite 1600
3  Sacramento, California 95814
   Telephone:  (916) 341-0404
4  Facsimile:  (916) 341-0141
   Email: *james.jones@jacksonlewis.com*
5         *douglas.egbert@jacksonlewis.com*

6  Attorneys for Defendant
   SEE'S CANDIES, INC.
7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                     COUNTY OF SACRAMENTO

11

12  JEANIE MAIER,                          Case No. 34-2019-00254339-CU-OE-GDS

13          Plaintiff,                     **DEFENDANT SEE'S CANDIES, INC.'S**
                                           **ANSWER TO PLAINTIFF'S**
14      v.                                 **COMPLAINT FOR DAMAGES**

15  SEE'S CANDIES, INC.; and DOES 1-100,   Complaint Filed:  April 12, 2019
    inclusive,                             Trial Date:        None Set
16

17          Defendants.                    **BY FAX**

18

19          SEE'S CANDIES, INC. ("Defendant") hereby submits this Answer to JEANIE MAIER'S

20  ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

21                         <u>**GENERAL DENIAL**</u>

22          Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and

23  specifically, each and every allegation contained in Plaintiff's Complaint.

24                      <u>**AFFIRMATIVE DEFENSES**</u>

25          By way of affirmative defenses to the allegations of the Complaint herein, and to the

26  various causes of action thereof, Defendant alleges as follows:

27  ///

28  ///

                                          1

Defendant's Answer to Complaint                    *Maier v. See's Candies, Inc.*
                                        Case No.: 34-2019-00254339-CU-OE-GDS

1

### FIRST AFFIRMATIVE DEFENSE

2        Plaintiff's Complaint as a whole and each purported cause of action alleged therein fail to

3   state facts sufficient to constitute a cause of action against Defendant.

4

### SECOND AFFIRMATIVE DEFENSE

5        Plaintiff's Complaint and each purported cause of action alleged therein are barred by the

6   doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces

7   Plaintiff's alleged damages.

8

### THIRD AFFIRMATIVE DEFENSE

9        Any damages for alleged discrimination must be barred or reduced under the doctrine of

10  avoidable consequences because:  (1) Defendant exercised reasonable steps to prevent and correct

11  any workplace conduct alleged to be unlawful; (2) Plaintiff unreasonably failed to use the

12  preventive and corrective measures Defendant provided; and (3) reasonable use of Defendant's

13  procedures would have prevented at least some of the harm Plaintiff allegedly suffered.

14

### FOURTH AFFIRMATIVE DEFENSE

15       Plaintiff's purported claims for emotional distress and other injuries are barred in whole

16  or in part by the exclusive remedy provisions of the California Workers' Compensation Act (see

17  California Labor Code section 3600 et seq.).

18

### FIFTH AFFIRMATIVE DEFENSE

19       Plaintiff's Complaint and each purported cause of action alleged therein are barred

20  because all actions taken by Defendant with respect to Plaintiff were taken for legitimate,

21  non-discriminatory business reasons.

22

### SIXTH AFFIRMATIVE DEFENSE

23       Plaintiff's Complaint and each purported cause of action alleged therein are barred in

24  whole or in part because any and all actions taken by Defendant with respect to Plaintiff were

25  job related for the positions in question and consistent with business necessity.

26  ///

27  ///

28  ///

2

1

**SEVENTH AFFIRMATIVE DEFENSE**

2  Defendant cannot be held liable for any conduct alleged in the Complaint to the extent

3 the individuals who allegedly engaged in the conduct against Plaintiff were not acting within the

4 course and scope of their employment or agency.

5

**EIGHTH AFFIRMATIVE DEFENSE**

6  Plaintiff's purported First, Second, and Third Causes of Action are barred in whole or in

7 part by the applicable statutes of limitations including, but not limited to, California Government

8 Code sections 12960 and 12965.  Plaintiff's purported Fourth Cause of Action is barred in whole

9 or in part by the applicable statutes of limitations including, but not limited to, 42 USC §2000e-5.

10

**NINTH AFFIRMATIVE DEFENSE**

11  Plaintiff is barred from recovering any damages for lost wages, benefits and compensation

12 of any kind, or such damages must be reduced, to the extent Plaintiff failed to exercise reasonable

13 diligence to mitigate her alleged damages.

14

**TENTH AFFIRMATIVE DEFENSE**

15  Defendant is entitled to a set off for any amounts of benefits and other payments Plaintiff

16 received to cover or mitigate her alleged losses including, but not limited to, anything received in

17 connection with workers' compensation and/or other disability-related payments, pursuant to the

18 common law doctrine of offset and the doctrine prohibiting double recovery.

19

**ELEVENTH AFFIRMATIVE DEFENSE**

20  Plaintiff's Complaint and each purported cause of action therein are barred in whole or in

21 part to the extent Plaintiff failed to exhaust her administrative remedies under the California Fair

22 Employment and Housing Act, Government Code sections 12960 and 12965 and/or 42 USC

23 §2000e-5.

24

**TWELFTH AFFIRMATIVE DEFENSE**

25  Any recovery on Plaintiff's Complaint and each purported cause of action alleged therein

26 are barred in whole or in part by Labor Code sections 2854 and 2856 in that Plaintiff failed to use

27 ///

28 ///

3

1  ordinary care and diligence in the performance of her duties and failed to comply substantially

2  with the reasonable directions of her employer.

3  **THIRTEENTH AFFIRMATIVE DEFENSE**

4  Plaintiff's Complaint and each purported cause of action therein are barred in whole or in

5  part because any accommodation she sought for her alleged disability or medical condition would

6  have imposed an undue hardship on Defendant.

7  **FOURTEENTH AFFIRMATIVE DEFENSE**

8  Plaintiff's Complaint and each purported cause of action therein are barred in whole or in

9  part because any accommodation she sought for her alleged disability or medical condition would

10  have imposed a risk of substantial harm to Plaintiff and/or others.

11  **FIFTEENTH AFFIRMATIVE DEFENSE**

12  As to Plaintiff's First and Fourth Causes of Action, assuming, *arguendo*, that it is found

13  that Defendant's actions were motivated by both discriminatory and non-discriminatory reasons,

14  the non-discriminatory reasons, standing alone, would have induced Defendant to make the same

15  decision(s) with respect to Plaintiff's employment.

16  **SIXTEENTH AFFIRMATIVE DEFENSE**

17  Plaintiff's Complaint and each purported cause of action alleged therein are barred by the

18  doctrines of laches, estoppel, waiver, and unclean hands.

19  *****

20  Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully

21  anticipate all defenses that may be applicable to this action.  Accordingly, Defendant's right to

22  assert additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

23  **PRAYER**

24  WHEREFORE, Defendant prays for judgment as follows:

25  1.      That Plaintiff take nothing by her Complaint;

26  2.      That Plaintiff's Complaint be dismissed in its entirety with prejudice;

27  3.      That Plaintiff be denied each and every demand and prayer for relief contained in

28  the Complaint;

4

Defendant's Answer to Complaint

*Maier v. See's Candies, Inc.*
Case No.: 34-2019-00254339-CU-OE-GDS

4.      For costs of suit incurred herein, including reasonable attorneys' fees; and

5.      For such other and further relief as the Court deems just and equitable.

Dated:  May 30, 2019                     JACKSON LEWIS P.C.

By: _____
JAMES T. JONES
DOUGLAS M. EGBERT

Attorneys for Defendant
SEE'S CANDIES, INC.

5

1                                   **PROOF OF SERVICE**

2         I, Elaine M. Blizzard, declare:

3         I am employed in the County of Sacramento, State of California.  I am over the age of
4 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

5         On May 30, 2019, I served the within:

6     **DEFENDANT SEE'S CANDIES,  INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

7 on the parties in said action:

|   | |
|---|---|
| | by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a). |
| **X** | by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
| | by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Golden State Overnight Delivery Service or delivering to an authorized courier or driver authorized by Golden State Overnight Delivery Service to receive documents, addressed as set forth below. |
| | by forwarding a true and correct copy thereof electronically from e-mail address *elaine.blizzard@jacksonlewis.com* to the person(s) at the e-mail address(es) set forth below. |

| | |
|---|---|
| Matthew R. Eason, Esq.<br>Kyle K. Tambornini, Esq.<br>Erin M. Scharg, Esq.<br>Eason & Tambornini, ALC<br>1234 H Street, Suite 200<br>Sacramento, CA  95814 | Attorneys for Plaintiff<br><br>Telephone:  (916) 438-1819<br>Facsimile:   (916) 438-1820<br>Email:  *@.com* |

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed this 30th day of May, 2019 at Sacramento, California.

                                           Elaine M. Blizzard

# EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET | |
| MAILING ADDRESS: 720 Ninth STREET | |
| CITY AND ZIPCODE:  Sacramento, CA 95814-1311 | |
| BRANCH NAME:    Gordon D Schaber Courthouse | |
| PHONE NUMBER:   (916) 874-5522 | |

| SHORT TITLE:    Maier vs. See's Candie's Inc. | |
|---|---|
| NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR | CASE NUMBER: 34-2019-00254339-CU-OE-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 10/17/2019 in Department  23  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
   -Served all parties named in the complaint within 60 days after the summons has been issued
   -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
   -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**                          Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 04/15/2019

_Kevin E. Culhane_
Kevin  Culhane , Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

Superior Court of California, County of Sacramento

Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint/cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process, the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

#### UNLIMITED CIVIL CASES
- A *Stipulation and Order to Mediation – Unlimited Civil Cases*, Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

#### LIMITED CIVIL CASES
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



## Arbitration
### UNLIMITED CIVIL CASES

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

## LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

## Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
See's Candies, Inc. and Does 1-100, inclusive

**RECEIVED**

MAY – 6 2019

**HUMAN RESOURCES**

FILED/ENDORSED

APR 1 2 2019

By: _L. Kennedy_
Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jeanie Maier

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Sacramento Superior Court
720 9th Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*
**34-2019-00254339**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Eason 160148 Eason & Tambornini, A Law Corporation
1234 H Street, Suite 200 (916) 438-1819
Sacramento, CA 95814

DATE: _4/12/19_
*(Fecha)*

Clerk, by _L KENNEDY_ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* See's Candies Inc
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB
ceb.com    Essential Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

MAIER, JEANIE

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew R. Eason 120144 <br> Eason & Tambornini, A Law Corporation <br> 1234 H Street, Suite 200 <br> Sacramento, CA 95814 <br> TELEPHONE NO: (916) 438-1819  FAX NO: (916) 438-1820 <br> ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Sacramento Superior Court District

**FILED/ENDORSED**

APR 1 2 2019

By: _____ L. Kennedy
Deputy Clerk

CASE NAME: Maier v. See's Candies, Inc.

CASE NUMBER: 34-2019-00254339

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [X] Unlimited  [ ] Limited <br> (Amount  (Amount <br> demanded  demanded is <br> exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* FOUR
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 10, 2019

MATTHEW R. EASON
(TYPE OR PRINT NAME)   ►   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CEB Essential Forms <br> ceb.com | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

MAIER, JEANIE

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice-
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case-Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ-Administrative Mandamus
   Writ-Mandamus on Limited Court
      Case Matter
   Writ-Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

MAIER, JEANIE

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On May 31, 2019, I served the within:

**DEFENDANT SEE'S CANDIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Golden State Overnight Delivery Services or delivering to an authorized courier or driver authorized by Golden State Overnight Delivery Services to receive documents, addressed as set forth below.

☐ **E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address _____@jacksonlewis.com to the persons at the e-mail address(es) listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Matthew R. Eason, Esq.<br>Kyle K. Tambornini, Esq.<br>Erin M. Scharg, Esq.<br>Eason & Tambornini, ALC<br>1234 H Street, Suite 200<br>Sacramento, CA  95814 | Attorneys for Plaintiff<br><br>Telephone:  (916) 438-1819<br>Facsimile:   (916) 438-1820 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 31, 2019 at Sacramento, California.

/s/ Elaine M. Blizzard
Elaine M. Blizzard